IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEREK CARDER, an individual, §<br>MARK BOLLETER, an individual, §<br>DREW DAUGHERTY, an individual, and §<br>ANDREW KISSINGER, an individual, on §<br>behalf of themselves and all others similarly §<br>situated, §<br>  §<br>    Plaintiffs, §<br>v. §<br>  §<br>CONTINENTAL AIRLINES, INC., et al., §<br>  §<br>    Defendants. § | Case No. 4:09-cv-03173 |

**DEFENDANT CONTINENTAL AIRLINES, INC.'S ORIGINAL ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Defendant Continental Airlines, Inc. ("Continental") files this Answer to Plaintiffs' Complaint for Damages and Equitable Relief ("Complaint") and shows as follows:

### DEFENSES

1. Plaintiffs' first two causes of action were dismissed on November 30, 2009, because they are minor disputes precluded by the Railway Labor Act. (*See* Docket Entry No. 43.)

2. Plaintiffs' second cause of action also was barred under ERISA by failure to exhaust plan remedies and failure to join a necessary party.

3. Plaintiffs' third cause of action was dismissed on November 30, 2009, because a hostile work environment cause of action is not a cognizable cause of action under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301, *et.seq.*, ("USERRA"). (*See* Docket Entry No. 43.)

4. All claims of Plaintiffs Carder, Bolleter, and Daugherty have been dismissed.

5. The fourth cause of action, asserted by Plaintiff Andrew Kissinger, fails to state a claim upon which relief can be granted and therefore must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

6. The fourth cause of action is barred by waiver, estoppel, limitations, and/or laches.

7. Without assuming the burden of proof, Continental asserts that it based its decision not to hire Plaintiff Kissinger on legitimate, nondiscriminatory reasons.

8. Without assuming the burden of proof, Continental asserts that Plaintiff Kissinger is not entitled to maintain this lawsuit as a class action. Plaintiff cannot satisfy the elements required by Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.

9. Plaintiff Kissinger has failed to mitigate his alleged damages.

10. Plaintiff Kissinger's cause of action is frivolous, without foundation, vexatious, and/or brought in bad faith.

11. Pending discovery, Plaintiff Kissinger's cause of action and alleged damages are barred and/or limited by the after acquired evidence doctrine.

12. Assuming *arguendo* that Plaintiff Kissinger were to prove that Continental violated USERRA, which he cannot, any such violation was not willful, and therefore Plaintiff is not entitled to recover liquidated damages.

13. In addition to suing Continental, Plaintiffs are attempting to sue entities that they refer to as "Defendants Does 1 through 100, inclusive." Naming unidentified fictitious defendants in a lawsuit is improper, and federal courts lack jurisdiction over such fictitious "Doe" defendants. Accordingly, the Court lacks jurisdiction over the alleged Doe defendants.

Without waiving the preceding defenses, Continental responds to Plaintiffs' Complaint on a paragraph-by-paragraph basis as follows:

# I.
## NATURE OF ACTION

1. To the extent the allegations in paragraph 1 of Plaintiffs' Complaint pertain to claims or parties that were dismissed on November 30, 2009 (*see* Docket Entry No. 43), the allegations do not require admission or denial. Continental admits that Plaintiff Kissinger alleges violations of USERRA and that Plaintiff Kissinger is attempting to represent an alleged civil class of allegedly similarly situated individuals, but it denies the validity of all allegations and denies that class action certification is appropriate. Continental also denies that any cause of action against so-called "Doe Defendants" can be brought.

# II.
## JURISDICTION AND VENUE

2. With respect to the allegations in paragraph 2 of Plaintiffs' Complaint, Continental admits only that the Court has jurisdiction over Plaintiff Kissinger's claim against Continental under 38 U.S.C. § 4323(b). Otherwise, Continental denies the allegations in paragraph 2 of Plaintiffs' Complaint.

3. With respect to the allegations in paragraph 3 of Plaintiffs' Complaint, Continental denies that venue is proper in the United States District Court for the Southern District of California. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division.

# III.
## PARTIES

4. The allegations in paragraph 4 of Plaintiffs' Complaint pertain to a party who was dismissed on November 30, 2009 (see Docket Entry No. 43), and thus require neither admission nor denial.

5. The allegations in paragraph 5 of Plaintiffs' Complaint pertain to a party who was dismissed on November 30, 2009 (see Docket Entry No. 43), and thus require neither admission nor denial.

6. The allegations in paragraph 5 of Plaintiffs' Complaint pertain to a party who was dismissed on November 30, 2009 (see Docket Entry No. 43), and thus require neither admission nor denial.

7. With respect to the allegations in paragraph 7 of Plaintiffs' Complaint, Continental denies Plaintiff Kissinger's allegation "that he was not hired by Continental due to his involvement with the U.S. Air Force Reserves." Continental is without sufficient knowledge to either admit or deny the remaining allegations in paragraph 7 of Plaintiffs' Complaint and therefore denies all such allegations.

8. Continental admits the allegations in paragraph 8 of Plaintiffs' Complaint.

9. Continental denies the allegations in paragraph 9 of Plaintiffs' Complaint. Continental further asserts that naming fictitious Doe defendants is improper and that the Court lacks jurisdiction over such fictitious defendants.

10. To the extent the allegations in paragraph 10 of Plaintiffs' Complaint requires an admission or a denial, Continental denies all such allegations. Continental further asserts that naming fictitious Doe defendants is improper and that the Court lacks jurisdiction over such fictitious defendants.

### IV.
### GENERAL ALLEGATIONS

11. With respect to the allegations in paragraph 11 of Plaintiffs' Complaint, Continental admits that it currently employs over 4,900 pilots, but denies the remaining allegations in paragraph 11 of Plaintiffs' Complaint.

12. Continental admits that Plaintiffs, in paragraph 12 of their Complaint, correctly set forth the language of 38 U.S.C. § 4311(a).

13. Continental admits that Plaintiffs, in paragraph 13 of their Complaint, correctly set forth the language of 38 U.S.C. § 4303(2).

14. Continental admits that Plaintiffs, in paragraph 14 of their Complaint, correctly set forth the language of 38 U.S.C. § 4311(c)(1).

15. With respect to the allegations in paragraph 15 of Plaintiffs' Complaint, Continental admits that Continental and the Airline Pilots Association ("ALPA") executed a Collective Bargaining Agreement ("CBA") on April 1, 2005, and further admits that, under the terms of the CBA, each "pilot's seniority date will be the date he starts training as a pilot for the Company and his seniority will accrue from that date, except as otherwise provided in this Agreement," but it otherwise denies the allegations in this paragraph.

16. With respect to the allegations in paragraph 16 of Plaintiffs' Complaint, Continental admits that Section 22, Part 4 of the CBA states that "[s]ubject to other provisions of this Agreement, seniority, in accordance with a pilot's position on the current Continental Pilot System Seniority List, will govern all pilots in case of promotion or demotion to Captain, International Relief Officer, First Officer, or Second Officer, retention in case of reduction in force, assignment or reassignment due to expansion or reduction in flying time, recall after furlough due to reduction in force, monthly Line award, and choice of vacancies," but it otherwise denies the allegations in this paragraph.

### A. Denial of Employment Benefits through Scheduling Process

<u>Paragraphs 17-27</u>: Paragraphs 17-27 of Plaintiffs' Complaint relate to Plaintiffs' first cause of action, which was dismissed on November 30, 2009 (*see* Docket Entry No. 43), and therefore do not require admission or denial.

### B. Denial of Employment Benefits under Defined Contribution Retirement Plan

<u>Paragraphs 28-40</u>: Paragraphs 28-40 of Plaintiffs' Complaint relate to Plaintiffs' second cause of action, which was dismissed on November 30, 2009 (*see* Docket Entry No. 43), and therefore do not require admission or denial.

### C. Pattern of Conduct by Continental Evidencing Membership in the United States Armed Services or National Guard as a Motivating Factor in Denying Benefits of Employment to the Class

<u>Paragraphs 41-59</u>: Paragraphs 41-59 of Plaintiffs' Complaint relate to Plaintiffs' third cause of action, which was dismissed on November 30, 2009 (*see* Docket Entry No. 43), and therefore do not require admission or denial.

### D. Plaintiff Derek Carder's Experiences with Continental.

<u>Paragraphs 60-74</u>: Paragraphs 60-74 of Plaintiffs' Complaint relate to a plaintiff whose claims were dismissed on November 30, 2009 (*see* Docket Entry No. 43), and therefore do not require admission or denial.

### E. Plaintiff Mark Bolleter's Experiences with Continental.

<u>Paragraphs 75-90</u>: Paragraphs 75-90 of Plaintiffs' Complaint relate to a plaintiff whose claims were dismissed on November 30, 2009 (*see* Docket Entry No. 43), and therefore do not require admission or denial.

### F.     Plaintiff Drew Daugherty's Experiences with Continental.

Paragraphs 91-108:  Paragraphs 91-108 of Plaintiffs' Complaint relate to a plaintiff whose claims were dismissed on November 30, 2009 (*see* Docket Entry No. 43), and therefore do not require admission or denial.

### G.     Plaintiff Andrew Kissinger's Experiences with Continental.

109.   Continental admits the allegations in paragraph 109 of Plaintiffs' Complaint, and additionally states that its pilot hiring process includes a simulator evaluation and interview.

110.   Continental is without sufficient knowledge to either admit or deny the allegations in paragraph 110 of Plaintiffs' Complaint and therefore denies such allegations.

111.   Continental denies the allegations in paragraph 111 of Plaintiffs' Complaint.

112.   Continental denies the allegations in paragraph 112 of Plaintiffs' Complaint.

113.   Continental denies the allegations in paragraph 113 of Plaintiffs' Complaint.

114.   Continental denies the allegations in paragraph 114 of Plaintiffs' Complaint.

115.   Continental denies the allegations in paragraph 115 of Plaintiffs' Complaint.

116.   Continental denies the allegations in paragraph 116 of Plaintiffs' Complaint.

## V.
## CLASS ACTION ALLEGATIONS

117.   To the extent the allegations in paragraph 117 of Plaintiffs' Complaint pertain to claims or parties that were dismissed on November 30, 2009 (*see* Docket Entry No. 43), the allegations do not require admission or denial.  Continental admits that Plaintiff Kissinger is seeking certification of a class action under Rule 23 of the Federal Rules of Civil Procedure, but it denies that a class action is appropriate.  All class action allegations are denied.

118.   The allegation in paragraph 118 does not require admission or denial because all claims of Plaintiffs Carder, Bolleter, and Daugherty have been dismissed.

7

119. With respect to the allegations in paragraph 119 of Plaintiffs' Complaint, Continental admits that Plaintiff Kissinger seeks to represent a class of all individuals who applied for employment with Continental from January 1, 1994, and the present who were not hired due to their military affiliations and/or commitments, but it denies that any individuals who applied for employment with Continental were not hired due to their military affiliations and/or commitments, and it denies that a class action is appropriate.

120. Continental denies the allegations in paragraph 120 of Plaintiffs' Complaint.

121. Continental denies the allegations in paragraph 121 of Plaintiffs' Complaint.

122. Continental denies the allegations in paragraph 122 of Plaintiffs' Complaint.

123. Continental denies the allegations in paragraph 123 of Plaintiffs' Complaint.

124. To the extent the allegations in paragraph 124 of Plaintiffs' Complaint pertain to claims or parties that were dismissed on November 30, 2009 (*see* Docket Entry No. 43), the allegations do not require admission or denial. Continental denies the allegations in paragraph 124 of Plaintiffs' Complaint.

125. Continental denies that a class action is appropriate and therefore denies the allegations in paragraph 125 of Plaintiffs' Complaint.

126. Continental denies the allegations in paragraph 126 of Plaintiffs' Complaint.

127. To the extent the allegations in paragraph 127 of Plaintiffs' Complaint pertain to claims or parties that were dismissed on November 30, 2009 (*see* Docket Entry No. 43), the allegations do not require admission or denial. Continental denies the allegations in paragraph 127, including subparagraphs a through h, of Plaintiffs' Complaint.

128. To the extent the allegations in paragraph 128 of Plaintiffs' Complaint pertain to claims or parties that were dismissed on November 30, 2009 (*see* Docket Entry No. 43), the

allegations do not require admission or denial. Continental denies the allegations in paragraph 128 of Plaintiffs' Complaint.

129. To the extent the allegations in paragraph 129 of Plaintiffs' Complaint pertain to claims or parties that were dismissed on November 30, 2009 (*see* Docket Entry No. 43), the allegations do not require admission or denial. Continental denies the allegations in paragraph 129 of Plaintiffs' Complaint.

130. To the extent the allegations in paragraph 130 of Plaintiffs' Complaint pertain to claims or parties that were dismissed on November 30, 2009 (*see* Docket Entry No. 43), the allegations do not require admission or denial. Continental denies the allegations in paragraph 130 of Plaintiffs' Complaint.

131. To the extent the allegations in paragraph 131 of Plaintiffs' Complaint pertain to claims or parties that were dismissed on November 30, 2009 (*see* Docket Entry No. 43), the allegations do not require admission or denial. Continental denies the allegations in paragraph 131 of Plaintiffs' Complaint.

## VI.
### FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT OF 1994 § 2(A), 38 U.S.C. §§ 4311, 4323

Paragraphs 132-39: Plaintiffs' first cause of action was dismissed on November 30, 2009 (*see* Docket Entry No. 43), and Paragraphs 132-39 of Plaintiffs' Complaint therefore do not require admission or denial. Continental denies the allegations in Paragraphs 132-39 of Plaintiffs' Complaint.

## VII.
### SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT OF 1994 § 2(A), 38 U.S.C. §§ 4311, 4323

Paragraphs 140-49: Plaintiffs' second cause of action was dismissed on November 30, 2009 (*see* Docket Entry No. 43), and Paragraphs 140-49 of Plaintiffs' Complaint therefore do not require admission or denial. Continental denies the allegations in Paragraphs 140-49 of Plaintiffs' Complaint.

## VIII.
### THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT OF 1994 § 2(A), 38 U.S.C. §§ 4311, 4323

Paragraphs 150-57: Plaintiffs' third cause of action was dismissed on November 30, 2009 (*see* Docket Entry No. 43), and Paragraphs 150-57 of Plaintiffs' Complaint therefore do not require admission or denial. Continental denies the allegations in Paragraphs 150-57 of Plaintiffs' Complaint.

## IX.
### FOURTH CAUSE OF ACTION FOR VIOLATIONS OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT OF 1994 § 2(A), 38 U.S.C. §§ 4311, 4323

158.   Continental reasserts and incorporates herein by reference each and every admission or denial in paragraphs 1-157, inclusive, as though set forth at length herein.

159.   Continental is without sufficient knowledge to either admit or deny the allegations in paragraph 159 of Plaintiffs' Complaint and therefore denies all such allegations.

160.   Continental denies the allegations in paragraph 160 of Plaintiffs' Complaint.

161.   Continental denies the allegations in paragraph 161 of Plaintiffs' Complaint.

162.   Continental denies the allegations in paragraph 162 of Plaintiffs' Complaint.

163. With respect to the allegations in paragraph 163 of Plaintiffs' Complaint, Continental objects to Plaintiffs' allegation as being vague and overly broad, thereby not requiring admission or denial.

164. Continental denies the allegations in paragraph 164 of Plaintiffs' Complaint.

165. Continental denies the allegations in paragraph 165 of Plaintiffs' Complaint.

166. Continental denies all allegations in Plaintiffs' Prayer for Relief, including all allegations in paragraphs 1 through 10 of such prayer.

167. Any allegation in Plaintiffs' Complaint that is not specifically admitted above is hereby denied.

WHEREFORE, PREMISES CONSIDERED, Continental prays that the single remaining cause of action in Plaintiffs' Complaint will be dismissed, and asks for such other relief to which it is justly entitled, including recovery of all attorneys' fees and costs.

Respectfully submitted,

/s/   Jeffrey C. Londa
Jeffrey C. Londa, TX #12512400, Fed. ID 00506
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
jeffrey.londa@ogletreedeakins.com
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
(713) 655-5750 (Phone)
(713) 655-0020 (Fax)

**ATTORNEY-IN-CHARGE FOR DEFENDANT CONTINENTAL AIRLINES, INC.**

Of Counsel:
Flyn L. Flesher, TX #24059756, Fed. ID 873686
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
flyn.flesher@ogletreedeakins.com
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
(713) 655-5752 (Phone)
(713) 655-0020 (Fax)

## CERTIFICATE OF SERVICE

    I hereby certify that on this 11th day of December, 2009, a copy of the foregoing pleading was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

                                           /s/   Jeffrey C. Londa
                                           Jeffrey C. Londa