UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEREK CARDER, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:09-CV-3173 |
| | § | |
| CONTINENTAL AIRLINES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

### I.

Before the Court is the defendant, Continental Airlines, Inc.'s, ["Continental"] motions for summary judgment as to the claims of the plaintiffs, Derek Carder, Drew Daugherty and Andrew Kissinger [Doc. Nos. 106 and 107]. Also before the Court is the plaintiffs' combined response [Doc. No. 109] or in the alternative, motion to delay consideration of Continental's motions until the plaintiffs are able to complete "relevant discovery." The Court, having reviewed the documents and the pleadings presented, is of the opinion that Continental's motions should be granted and that the plaintiffs' motion for delay should be denied.

### II.

*A.   Factual Background – Plaintiffs' Claims*

This suit was brought by the three plaintiffs under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), asserting that Continental: (1) refused to hire Kissinger, and (2) as to Carder and Daugherty, disallowed the accrual of certain vacation, leave, sick leave and medical credits, and dental and vision coverage like or similar to other pilots allegedly similarly situated.

Carder began his employment with Continental in December of 2006 and Daugherty began working for the company in January of 2001. Both are still employed with Continental as pilots. Kissinger, on the other hand, applied to become a Continental pilot in late 2005 or early 2006. In March of 2006, he underwent a panel interview, MD-80 flight stimulator test and a urinalysis screen at the Houston Training Center. Within a few days, he received a rejection letter.

Kissinger claims that he was not hired because he was affiliated with the Air Force Reserves. He does not dispute, however, that his flight simulator scores show that he was "minimally qualified" in four categories, thereby making him ineligible for employment. He does, however, deny knowing his scores or any other factors that may have disqualified him from employment.

The claims of Carder and Daugherty, concern disallowance of leave and medical benefits. Specifically, they allege disallowance of: (a) accrual of vacation credit and sick leave during periods of military leave; and (b) medical, dental and vision coverage during periods of military leave. In both instances, Carder and Daugherty contend that Continental engaged in [disallowance conduct] even though the Collective Bargaining Agreement ("CBA") provided "those [disallowed] benefits to other pilots in other forms, allegedly association leave."[1]

B.  *Continental's Contentions*

Continental contends that this Court lacks jurisdiction over the vacation and sick leave claims. In this regard, Continental asserts that Carder and Daugherty's claims fail as a matter of law for two reasons. First, because they have not been denied any benefits provided to pilots on comparable forms of non-military leave. Second, (a) Continental provides twenty-four months

---

[1] Concerning "association leave" *i.e.,* the comparable leave issue when a pilot's military leave exceeds 90 days, vacation accrual is prorated pursuant to the CBA. The CBA also provides that pilots on Association Leave of Absence (ALA) may continue to receive vacation and sick leave accrual only if the ALPA pays for it.

combined coverage in compliance with USERRA § 4317; (b) the plaintiffs voluntarily dropped all Continental-provided coverage upon taking military leave; and (c) the plaintiffs incurred no damages.

### III.

*A.  Summary Judgment Standard*

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006). Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial."  Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164. To sustain the burden, the nonmoving party must produce evidence

admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

### B. *Applicable Law*

Section 4311(a) provides that:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4301(a); *see also Carder,* 636 F.3d at 175. An employer shall be considered to have engaged in actions prohibited:

> if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service ...

38 U.S.C. § 4301 (c)(l). The Statute defines "benefit of employment" as follows:

> The term "benefit", "benefit of employment", or "rights and benefits" means any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment.

38 U.S.C. § 4303(2); *see also Carder,* 636 F.3d at 175.

### IV.

A.    *Analysis - Kissinger*

Kissinger's sole claim is that Continental refused to hire him because of his Air Force Reserve status. The facts show that Kissinger applied for a pilot position with Continental in the latter part of 2005 or early 2006. During his meeting with the interview panel, one of the interviewers allegedly stated: "[B]ecause of your peers in the Air Force or in the Reserves it is going to be extremely difficult for us to hire you here." The plaintiff took this comment to mean that he would not be hired because of [his] affiliation with the Air Force Reserves. He also believed that this comment meant that he would not be hired because other pilots who had previously been hired took military leave shortly after their employment with Continental began.

Kissinger admits that the interviewer did not make any comment concerning others taking military leave upon employment. Although they asked how he would fulfill his Continental obligations and simultaneously fulfill his military duty, Kissinger does not remember any negative or disqualifying reaction after he explained his plans. Nevertheless, the plaintiff is certain that the past conduct of his peers, in managing their military and Continental obligations, reflected unfavorably upon his application.

The Court is of the opinion that the plaintiff cannot establish that Continental violated the USERRA when it failed to hire him. *See* 38 U.S.C. § 4301(a); *Carder v. Continental Airlines, Inc.,* 636 F.3d 172, 175 (5th Cir. 2011). The evidence shows that Kissinger failed to qualify for employment because he registered four "minimally satisfactory" scores on the MD-80 flight simulator test. Kissinger did not practice on the MD-80 simulator before taking the test as others had. Moreover, he is aware that Continental employed at least seven other Air Force pilots. In

fact, on the same day that the plaintiff was interviewed an Air Force pilot was hired. The plaintiff has not submitted any evidence of discrimination or illegal motive in his interview process. His subjective belief, without proof from which an inference might be drawn, is unavailing. He simply performed poorly on the flight simulator evaluation. Therefore, the Court concludes that Kissinger's suit is unmeritorious and that his obligation in the uniformed services was not a motivating factor in Continental's decision.

B.     *Analysis – Carder and Daugherty*

Carder and Daugherty fair no better on their claims. They maintain that they are entitled to continued vacation and sick leave accrual during long-term military leave. They also claim that they are entitled to continued medical, dental and vision coverage. The plaintiffs acknowledge that vacation accrual is a negotiated benefit, which terms are negotiated between Continental and the Airline Pilots Association. Therefore, the term of leave benefits for all pilots is established in the CBA.

Accrual of sick leave is also governed by the CBA, and both Carder and Daugherty are or should be aware of its terms. Accrual of military leave, association leave, sick leave and vacation leave are all established in the CBA. The evidence shows that Carder voluntarily dropped his Continental-provided medical coverage in favor of military-provided medical coverage when he was on military leave. Neither Carder nor Daugherty identified any medical claims or premium disparities that rise above "minor dispute" status. Claims that fall into the category of minor disputes are not subject to litigation, but instead are subject to the CBA's clause. *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 256 (1994). Simply stated, there is no evidence that Continental has violated the USERRA.

**V.**

The plaintiffs request that adjudication of the defendant's motions for summary judgment be delayed pending further discovery. This suit has been pending since 2009. More than sufficient time has passed for the plaintiffs to have completed discovery. In the Court's view, the "additional" discovery that the plaintiffs contend is necessary is insufficiently linked to the claims that Continental relies upon its Rule 56 motion. The plaintiffs' claim - the need for "class-wide" information to meet Continental's summary judgment arguments - overlooks the fact that Continental's motions are focused on the merits of their personal claims. Finding that the plaintiffs' claims lack merit, there is no basis for class certification. Accordingly, the plaintiffs' request for delayed adjudication is DENIED and Continental's motions for summary judgment are GRANTED.

It is so Ordered.

SIGNED on this 7th day of April, 2014.

_____
Kenneth M. Hoyt
United States District Judge